# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL MARQUEZ–ESQUIVEL, also known as Juan Marquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1691-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:[*]

Juan Manuel Marquez–Esquivel appeals his within-Guidelines sentence of forty-one months of imprisonment, which the district court imposed following his guilty plea conviction of being an alien illegally present in the United States after removal. We review sentences for reasonableness in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Mares*, 402 F.3d 511, 518–20 (5th Cir. 2005). Our review of the substantive reasonableness of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence is for abuse of discretion. *United States v. Johnson*, 619 F.3d 469, 471–72 (5th Cir. 2010). Although Marquez–Esquivel did not present to the district court all of the arguments he raises on appeal, we need not determine whether plain-error review applies because his arguments fail under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

When, as here, the district court imposes a sentence within a properly calculated Guidelines range, the sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut this presumption, Marquez–Esquivel must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

As Marquez–Esquivel acknowledges, his argument that the presumption of reasonableness should not apply because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis is foreclosed, and he raises it to preserve it for further review. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009). We likewise have previously rejected the contention that a within-Guidelines sentence is unreasonable because § 2L1.2 lacks an empirical basis and effectively double counts prior convictions. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *Mondragon–Santiago*, 564 F.3d at 366–67 & n.7. Also, we have not been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (per curiam).

With regard to Marquez–Esquivel's claim that his sentence is greater than necessary to provide adequate deterrence and that the Guidelines did not

No. 14-51337

reflect his personal history and circumstances, we note that because the district court imposed a sentence within a properly calculated Guidelines range, we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos–Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam) (citation and internal quotation marks omitted). Marquez–Esquivel's benign motive for returning to this country is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). In essence, Marquez–Esquivel's argument amounts to a mere dissatisfaction with the district court's weighing of the § 3553(a) factors. That argument is insufficient to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (per curiam).

The judgment of the district court is AFFIRMED.